UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAMS, ET AL | CIVIL ACTION NO.:25-779 |
| VERSUS | JUDGE NANNETTE BROWN |
| VENTURE GLOBAL PLAQUEMINES, LLC, ET AL | MAGISTRATE JUDGE NORTH |

**MEMORANDUM IN SUPPORT OF VENTURE GLOBAL PLAQUEMINES LNG, LLC AND VENTURE GLOBAL LNG, INC.'S MOTION TO DISMISS**

MAY IT PLEASE THE COURT:

**I. INTRODUCTION**

This is a personal injury action arising out of a crane collapse during the construction of an LNG export facility in Plaquemines Parish, Louisiana. Plaintiffs Patrick Williams and Tevin Tobias ("**Plaintiffs**") have named as defendants Bigge Crane and Rigging Co. ("**Bigge**") (the company alleged to have provided the crane at issue) and Zachry Construction Corporation ("**Zachry**") (the company alleged to have operated the crane that collapsed).[1] Plaintiffs also named Venture Global Plaquemines LNG, LLC (the owner of the LNG export facility) and its corporate parent company (Venture Global LNG, Inc.) (collectively, the "**VG Entities**").

With respect to the VG Entities, Plaintiffs have only alleged that they were "working on a job site for" the VG Entities. Rec. Doc. 1-1 (Petition) at ¶ 2. They have not alleged facts—*separate and apart from legal conclusions*—satisfying the essential elements of a tort claim under Louisiana law (whether that be an intentional tort or ordinary negligence).

---

[1]Plaintiffs named the wrong "Zachry" entity, and it is anticipated that they will amend their pleadings to substitute Zachry Industrial Inc. in place of Zachry Construction Corporation.

Accordingly, it is respectfully requested that this Court dismiss all claims asserted by Plaintiffs against the VG Entities, with prejudice, at Plaintiffs' sole costs.

## II. FACTUAL BACKGROUND

Plaintiffs allege that they were injured on or about April 16, 2024, when a crane adjacent to one that Tobias was operating, and that Williams was rigging, collapsed. Rec. Doc. 1-1 at ¶ 4. At the time of the accident, Plaintiffs were employed by Brown and Root Industrial Services, LLC. Id. at ¶ 2. Plaintiffs allege that the cranes at issue were provided by Bigge. Id. at ¶ 3. Plaintiffs also allege that the crane that collapsed was being operated by Zachry and that it had previously been "red tagged" by either Zachry or Bigge Crane. Id. at ¶ 5.

The only alleged involvement with the crane by the VG Entities is as follows:

> "On or about April 16, 2024, Patrick Williams and Tevin Tobias were employed by Brown and Root Industrial Services, LLC **but working on a job site for Venture Global** Plaquemines LNG, LLC and/or Venture Global LNG, Inc. in Plaquemines Parish."

Id. at ¶ 2 (emphasis added). From this sole allegation of fact, Plaintiffs claim in a generic, conclusory fashion that the VG Entities are liable for:

- A) Intentionally and/or negligently failing to maintain the premises in a reasonably safe condition;

- B) Intentionally and/or negligently failing to warn of the existence of a dangerous condition which caused the incident;

- C) Intentionally and/or negligently failing to place warning signs to warn of the existence of a dangerous condition;

- D) Failure to adequately train their personnel on how to properly and routinely inspect the premises for

          unreasonable hazards such as that which caused the subject incident;

    E)    Intentionally and/or negligently failing to cure a known hazardous condition;

    F)    Failure, generally, to exercise the degree of care commensurate with the factual situation herein described; and

    G)    In committing any and all other acts or omissions of fault which will be shown and proven at the trial of the case.

Id. at ¶ 7. Other than the allegation that Plaintiffs were working on a job site for the VG Entities, the petition does not identify any actions taken by the VG Entities to support conclusions (A) through (G).

### III. LAW & ANALYSIS

**A.    Plaintiffs Must Allege Facts Beyond Conclusory Allegations, Unwarranted Deductions, or Legal Conclusions.**

"To survive a [12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Hamilton v. Dall. Cnty., 79 F.4th 494, 499 (5th Cir. 2023) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Iqbal, 556 U.S. at 678).

"To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" In re Great Lakes Dredge & Dock Co., 624 F.3d 201, 210 (5th Cir. 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" Harold H. Huggins

Realty, Inc. v. FNC, Inc., 634 F.3d 787, 796 (5th Cir. 2011) (citing Iqbal, 556 U.S. at 679). The Fifth Circuit has succinctly explained that while courts should accept "facts alleged as true and construe the allegations in the light most favorable to the plaintiff," courts should not "strain to find inferences favorable to the plaintiffs" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." Southland Sec. Corp. v. INSpire Ins. Sols., Inc., 365 F.3d 353, 361 (5th Cir. 2004) (internal citations omitted).

**B.     The Petition Fails to Allege Facts Establishing the Requisite Intent to State a Claim for Intentional Tort.**

Under Louisiana law, an "intentional act" requires the actor to "either (1) consciously desire[ ] the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) know[ ] that the result is substantially certain to follow from his conduct." Swope v. Columbian Chemicals Co., 281 F.3d 185, 195 (5th Cir.2002) (quoting Bazley v. Tortorich, 397 So.2d 475, 482 (La.1981)).

The Louisiana Supreme Court has narrowly defined an "intentional act" in the context of workplace tort claim. "Believing that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act." Reeves v. Structural Preservation Systems, 731 So.2d 208 (La.1999), 731 So.2d at 212. Moreover, the phrase "'[s]ubstantially certain to follow' requires more than a reasonable probability that an injury will occur and 'certain' has been defined to mean 'inevitable' or 'incapable of failing.'" Id. (citing Jasmin v. HNV Cent. Riverfront Corp., 642 So.2d 311, 312 (La. App. 4th Cir.1994)).[2]

---

[2] See also Guillory v. Domtar Industries Inc., 95 F.3d 1320, at 1327 (5th Cir.1996) ("[T]he substantially certain test is satisfied when an employer *consciously* subjects an employee to a hazardous or defective work environment where injury to the employee is *nearly inevitable*—that is, injury is 'almost certain' or 'virtually sure' to occur or is incapable of being avoided.") (emphasis original).

Notably, an intentional tort is not synonymous with gross negligence or reckless and wanton conduct. For example, the Fifth Circuit has noted that "mere knowledge and appreciation of a risk does not constitute intent; reckless or wanton conduct, gross negligence, disregard of safety regulation or the failure to use safety equipment by an employer does not constitute intentional wrongdoing." DelaHoussaye v. Morton Intern. Inc., 300 Fed.Appx. 257, 258 (5th Cir.2008) (citing Micele v. CPC of La., Inc., 709 So.2d 1065, 1068 (La. App. 4th Cir.1998)).

Finally, this Court has explained that "the intentional act exception is a narrow one" and that Louisiana courts have held that the following workplace situations almost universally do not form the basis of an intentional tort:

> "[1] failure to provide a safe place to work, [2] poorly designed machinery, [3] failure to follow OSHA safety provisions, [4] failure to provide requested safety equipment, and [5] failure to correct unsafe working conditions."

Rosales v. Bunzzy's Enter. Realty LLC, No. CIV.A. 06-11149, 2008 WL 754856, at *2 (E.D. La. Mar. 19, 2008).

Here, as a preliminary matter, Plaintiffs' claims relate to purportedly unsafe conditions on the jobsite. Thus, these claims fall into one of the workplace categories where Louisiana courts have universally rejected claims for intentional torts. See id. In other words, under long-established Louisiana law, allegations by Plaintiffs that the VG Entities failed to provide a safe place to work and/or the failed to correct unsafe working conditions are, by definition, insufficient to establish an intentional tort.

In addition, Plaintiffs' allegations regarding the VG Entities' involvement with the crane that collapsed are extremely limited:

> "On or about April 16, 2024, Patrick Williams and Tevin Tobias were employed by Brown and Root Industrial Services, LLC but **working on a job site for Venture Global** Plaquemines LNG, LLC and/or Venture Global LNG, Inc. in Plaquemines Parish."

Rec. Doc. 1 – 1 at ¶ 2 (emphasis added). Generic allegations that Plaintiffs were working at a job site for an owner and its corporate parent while employed by a completely separate company fall far short of the necessary allegations of fact establishing each element of an intentional act. Plaintiffs have not alleged, nor could they allege, that the VG Entities consciously desired the collapse of the crane, much less that they took any action to bring about that result. Nor have Plaintiffs alleged facts showing that the VG Entities knew that the collapse of the crane was substantially certain to occur that day as a result of its—or anyone else's—conduct.[3] Without such allegations of fact, Plaintiffs have failed to state a cognizable claim under Louisiana law for an intentional tort claim.

**C.      The Use of a Formulaic Label in the Petition Does Not Save Plaintiffs' Claim.**

It is anticipated that Plaintiffs will oppose this motion by referencing its conclusory use of the word "intentionally" in paragraph 7 of its Petition. However, as noted by the Fifth Circuit, including the word "intent" in a petition "is not a talisman that can change the allegations into colorable claims of true intentional torts." Keating v. Shell Chem. Co., 610 F.2d 328, 332 (5th Cir. 1980). Similarly, this Court has held that the use of conclusory labels such as "substantially certain to follow" "does not transform any set of facts into an intentional tort and does not provide protection against a well-founded motion to dismiss." Graft v. Mason, No. CIV.A. 08-4820, 2009 WL 799973, at *3 (E.D. La. Mar. 19, 2009).

---

[3] In fact, Plaintiffs' allegations indicate the opposite of an intentional tort. According to Plaintiffs, Bigge and/or Zachry "red tagged" the crane for service—indicating that Bigge and Zachry had taken steps to ensure that the crane was properly serviced and operated in a safe manner. See Rec. Doc. 1-1 at ¶ 5.

Accordingly, Plaintiffs' addition of the word "intentionally" to Paragraph 7 of its Petition is of no moment and does not save their claim.

**D.    Plaintiffs Have Also Failed to Plead Sufficient Facts to State a Claim for Negligence Against the VG Entities.**

"Under Louisiana law's duty-risk analysis of negligence liability, [the plaintiff] must prove five separate elements: "(1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element)." Butler v. Denka Performance Elastomer, L.L.C., 16 F.4th 427, 443 (5th Cir. 2021)(citing Lemann v. Essen Lane Daiquiris, 923 So. 2d 627, 633 (La. 2006). Notably, "[d]uty is the "threshold issue." Id.

"In deciding whether to impose a duty in a particular case, Louisiana courts examine 'whether the plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support the claim that the defendant owed him a duty.'" Audler v. CBC Innovis Inc., 519 F.3d 239, 249 (5th Cir. 2008)(citing Faucheaux v. Terrebonne Consol. Gov't, 615 So.2d 289, 292 (La.1993).

Here, like in Butler, Plaintiffs failed to allege facts establishing both the specific duty that the VG Entities owed Plaintiffs, as well as facts establishing how the VG Entities breached the duty that they allegedly owed Plaintiffs. For example, they have not alleged any facts suggesting that the VG Entities operated or controlled the crane that collapsed. Rather, Plaintiffs have alleged that they were working "on a jobsite for" the VG Entities—

- 7 -

*followed by allegations of fact related to Bigge and Zachry.* "Rec. Doc. 1 – 1 at ¶¶ 2 – 6. Thus, the generic, legal conclusions of negligence by the VG Entities in paragraph 7 of the petition are insufficient to establish a duty, as well as a breach of said duty, as it relates to the VG Entities.[4]

## IV. CONCLUSION

As shown above, Plaintiffs' barebones allegations of fact against the VG Entities are insufficient to state a claim under Louisiana law. The petition fails to allege facts establishing the requisite knowledge and intent on the part of the VG Entities to state a claim for intentional tort. Moreover, allegations that Plaintiffs were working on a jobsite "for" the VG Entities, without the pleading of facts establishing how the VG Entities—*as opposed to Bigge and Zachry*—breached a specific duty owed to the Plaintiffs fails to state a cognizable claim for negligence against the VG Entities. Accordingly, it is respectfully requested that this Court dismiss all claims against the VG Entities with prejudice, at Plaintiffs' sole cost.

---

[4] "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." In re Great Lakes Dredge & Dock Co. LLC, 624 F.3d 201, 210 (5th Cir. 2010).

Respectfully submitted,

COOK, YANCEY, KING & GALLOWAY
A Professional Law Corporation


By: *s/David J. Hemken*
    David J. Hemken, #35168
    Ashleigh Adams Valcho #39777

333 Texas Street, Suite 1700
P. O. Box 22260
Shreveport, LA  71120-2260
Telephone: (318)221-6277
Facsimile: (318)227-7850
david.hemken@cookyancey.com
ashleigh.adams@cookyancey.com

ATTORNEYS FOR VENTURE GLOBAL PLAQUEMINES LNG, LLC AND VENTURE GLOBAL LNG, INC.

## **CERTIFICATE**

I HEREBY CERTIFY that a copy of the above and foregoing was filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management and/or that a copy of the same was served on opposing counsel by either electronic notification or by U.S. mail, postage pre-paid.

Shreveport, Louisiana, this 19th day of May, 2025.

                                          *s/David J. Hemken*
                                          OF COUNSEL