# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICK WILLIAMS, et al | CIVIL ACTION |
| VERSUS | CASE NO. 25-779 |
| VENTURE GLOBAL PLAQUEMINES, LLC, et al | SECTION: G/5 |

## SCHEDULING ORDER

A Scheduling Conference was held on July 15, 2025 by telephone before the Case Manager.

Participating were:

David Winston Ardoin of AMO Trial Lawyers, LLC for plaintiffs.

Charles E. Leche of Deutsch Kerrigan & Stiles LLP for Bigge Brane and Rigging Co.

Victoria E. Emmerling of Laborde Siegel, LLC for Zachry Holdings, Inc.

David Jonathan Hemken & Ashleigh Adams Valcho of Cook, Yancey, King & Galloway for Venture Global Plaquemines LNG LLC and Venture Global LNG, Inc.

Pleadings have not been completed. Jurisdiction and venue are established.

All non-evidentiary pretrial motions shall be filed and served in sufficient time to permit hearing thereon no later than **June 24, 2026**. This Section adheres to Local Rule 78.1 regarding oral argument on motions. **Deposition transcripts submitted in support of motions are to be in an uncompressed format, specifically, double spaced lines on single sided pages.**

Motions for summary judgment and oppositions to motions for summary judgment shall be filed in compliance with Local Rules 56.1 and 56.2, requiring parties to file a short and concise

statement of material facts as to whether there does or does not exist a genuine issue to be tried. Additionally, each party shall make specific reference to record evidence supporting its statement of material facts. Citations to record evidence shall indicate, whenever applicable, an extra exhibit reference, page reference and record document number reference. Record evidence not specifically referred to by the parties may not be considered by the Court.

Motions regarding the admissibility of expert testimony (*Daubert* motions) shall be filed and served in sufficient time to permit hearing thereon no later than **June 24, 2026** .

All other motions *in limine* and trial memoranda shall be filed on or before **July 29, 2026** and responses thereto shall be filed on or before **August 3, 2026**.

All contested motions are set for submission on a hearing date. If oral argument is requested, the appropriate motion must be filed. Motions filed in violation of this order will not be considered unless good cause is shown.

In addition, the Court reiterates that Local Rule 7.7 sets page limitations.

**Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) must be exchanged within 7 days.**

**Fed. R. Civ. P. 7.1 citizenship disclosures must be exchanged and corporate disclosure statements filed within 7 days.**

Amendments to pleadings, third-party actions, cross claims, and counterclaims shall be filed no later than **August 14, 2025**, in accordance with the Federal Rules of Civil Procedure and Local Rule 7.6.

Counsel adding new parties subsequent to mailing of this notice shall serve on each new party a copy of this order. Pleadings responsive thereto, when required, shall be filed within the applicable delays therefor.

No later than forty-five (45) days after the scheduling conference, the parties shall submit a joint status report to the Court. The status report should be e-filed into the record. The status report shall contain:

(1) A listing of all the parties and counsel who represent the parties;

(2) A listing of any motions pending for decision in the case, the date any motion was submitted for decision or is set for hearing, an indication whether oral argument was previously or shall be requested on the motion, and an indication whether an evidentiary hearing shall be needed on the motion, such as in class certification proceedings;

(3) The dates and times of any status conference, pretrial conference and trial set in the case; a statement as to whether the case is jury or non-jury; and the number of expected trial days;

(4) A BRIEF description of the factual and legal issues underlying the dispute;

(5) A listing of any discovery that remains to be done; and

(6) A description of the status of any settlement negotiations.

Any party may request a status conference with the Court. The Court may call a status conference at any time, if deemed necessary. Only counsel of record may participate in status conferences with the Court.

Written reports of Plaintiff's retained experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), and Plaintiff's non-retained expert disclosures, as defined by Federal Rules of Civil Procedure 26(a)(2)(C), shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than **April 3, 2026**.

Written reports of Defendant's retained experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), and Defendant's non-retained expert disclosures, as defined by Federal

Rules of Civil Procedure 26(a)(2)(C), shall be obtained and delivered to counsel for Plaintiff as soon as possible, but in no event later than **May 1, 2026.**

Counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who will be called to testify at trial and all exhibits which will be used at trial no later than **May 1, 2026** .

The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown.

**THE PARTIES ARE INSTRUCTED TO CONTACT THE ASSIGNED MAGISTRATE JUDGE SIX WEEKS PRIOR TO THE PRETRIAL CONFERENCE DATE FOR THE PURPOSE OF SCHEDULING A SETTLEMENT CONFERENCE WHICH SHOULD BE HELD WITHIN TWO WEEKS PRIOR TO THE PRETRIAL CONFERENCE.**

Depositions for trial use shall be taken and all discovery shall be completed no later than **May 29, 2026**.

No special discovery limitations beyond those established in the Federal Rules or Local Rules of this Court are established.

A Final Pretrial Conference will be held on **<u>July 23, 2026 at 2:00 p.m.</u>** Counsel must be prepared in accordance with the final Pretrial Notice attached. The pretrial order must be electronically filed by 4:30 p.m. on a day that allows four full work days prior to the conference, excluding Saturdays, Sundays, and holidays. **THE PRETRIAL ORDER SUBMITTED TO THE COURT MUST BE DOUBLE SPACED AND SIGNED BY ALL COUNSEL. The parties shall comply with all deadlines stated in the Pretrial Notice, including without**

**limitation, the deadlines for filing briefs on objections to exhibits and on objections to deposition testimony.**

Trial will commence **August 10, 2026 at 9:00 a.m.** before the District Judge **with** a jury. Attorneys are instructed to report for trial no later than 30 minutes prior to this time. The starting time on the first day of a jury trial may be delayed or moved up because of jury pooling. Trial is estimated to last **4 to 5** days.

Deadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with Local Rules and upon a showing of good cause. Continuances will not normally be granted. The Court requires strict adherence to scheduling orders and deadlines.

The Court has specific instructions regarding proper communication with chambers. Any communication with chambers is to be sent via e-mail to: efile-brown@laed.uscourts.gov, copying all counsel of record therein.

                **NANNETTE JOLIVETTE BROWN**
                **UNITED STATES DISTRICT JUDGE**

Issued for the Court by:
Morgan Palmer
Case Manager
morgan_palmer@laed.uscourts.gov