**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**PATRICK WILLIAMS, et al.**                           **CIVIL ACTION**

**VERSUS**                                            **NO. 25-779**

**VENTURE GLOBAL PLAQUEMINES, LLC, et al.**      **SECTION: "G"(5)**

**ORDER AND REASONS**

Before the Court is Defendants Venture Global LNG, Inc. and Venture Global Plaquemines LNG, LLC's (collectively, "VG Entities") Rule 12(b)(6) Moton to Dismiss.[1] In this litigation, Plaintiffs Patrick Williams and Tevin Tobias ("Plaintiffs") are suing Defendants Bigge Crane and Rigging Co., Zachry Holdings, Inc., Venture Global Plaquemines LNG, LLC, Venture Global LNG, Inc., and KZJV, LLC (collectively, "Defendants") for damages related to a crane collapse that occurred on April 16, 2024.[2] In the instant motion, VG Entities argue that Plaintiffs have failed to state a tort claim against them under Louisiana law. Plaintiffs oppose the motion.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion in part and denies the motion in part.

**I. Background**

Plaintiffs allege that on or about April 16, 2024 they were both employed by Brown Root Industrial Services, LLC, and at that time they were working on a job site owned by VG Entities.[4]

---

[1] Rec. Doc. 17.

[2] Rec. Doc. 1-1; Rec. Doc. 31. Plaintiffs also named Zachry Construction Corp. as a defendant, but they subsequently dismissed those claims.

[3] Rec. Doc. 28.

[4] Rec. Doc. 1-1 at 3.

1

Plaintiffs allege that Bigge Crane and Rigging Co. provided the cranes for said job site.[5] At the said time and place, Mr. Tobias was operating a crane and Mr. Williams was rigging the crane when an "adjacent crane broke apart and collapsed."[6] Plaintiffs assert that they both had to quickly move out of the way to avoid being struck.[7] Plaintiffs allege that they both suffered "serious and permanent disabling injuries" as a result of this incident.[8] Plaintiffs state that the crane that collapsed was being operated by Zachry Holdings, Inc., was previously red tagged for service, and "collapsed the day it was put back into use."[9] Plaintiffs assert that VG Entities are at fault for the injuries sustained because they intentionally and negligently failed to maintain the premises in a reasonably safe condition, warn of the existence of a dangerous condition, place warning signs to warn of the existence of a dangerous condition, adequately train their personnel on how to inspect the premises for hazards, cure a known hazardous condition, or exercise the appropriate degree of care.[10]

On March 5, 2025, Plaintiffs filed a Petition for Damages against Defendants in the 25th Judicial District Court for the Parish of Plaquemines.[11] Defendants removed the case to this Court on April 21, 2025.[12] VG Entities filed the instant Rule 12(b)(6) Motion to Dismiss on May 19,

---

[5] *Id.* at 4.

[6] *Id.*

[7] *Id.*

[8] *Id.* at 6.

[9] *Id.*

[10] *Id.* at 4.

[11] Rec. Doc. 1-1.

[12] Rec. Doc. 1.

2025.[13] Plaintiffs filed a Response[14] in opposition of this motion on July 15, 2025. VG Entities filed a Reply[15] in support of their motion on July 18, 2025.

## II. Parties' Arguments

### A.    *VG Entities' Arguments in Support of Their Motion*

VG Entities move the Court to dismiss the claims Plaintiffs raise against them.[16] VG Entities assert Plaintiffs have no cause of action against them under Louisiana law.[17] VG Entities argue that Plaintiffs has not identified any actions taken by VG Entities which support the allegations against them.[18] VG Entities assert that "under long-established Louisiana law, allegations by Plaintiffs that the VG Entities failed to provide a safe place to work and/or the failed to correct unsafe working conditions are, by definition, insufficient to establish an intentional tort."[19]

VG Entities also argue that "Plaintiffs have failed to plead sufficient facts to state a claim for negligence against them."[20]  VG Entities claim, "Plaintiffs failed to allege facts establishing both the specific duty that the VG Entities owed Plaintiffs, as well as facts establishing how the VG Entities breached the duty that they allegedly owed Plaintiffs."[21] VG Entities point out that

---

[13] Rec. Doc. 17.

[14] Rec. Doc. 28.

[15] Rec. Doc. 33.

[16] Rec. Doc. 17-1.

[17] *Id.* at 1.

[18] *Id.* at 3.

[19] *Id.* at 5.

[20] *Id.* at 7.

[21] *Id.*

Plaintiffs have merely alleged that they were working on a jobsite owned by VG Entities.[22] VG Entities assert that they cannot be found liable because the conclusory legal conclusions of negligence in the Complaint is insufficient to establish a duty or breach of said duty to Plaintiffs.[23]

### B.    *Plaintiffs' Arguments in Opposition*

Plaintiffs "concede that the complained of injuries were not the result of an intentional tort by the VG Entities."[24] However, Plaintiffs maintain they have stated a cognizable claim for negligence in the Petition.[25] Alternatively, Plaintiffs request an "opportunity to amend the Petition to cure any deficiencies."[26]

Plaintiffs argue that the duty VG Entities allegedly had "was that of a property owner."[27] Plaintiff alleges this duty was argued in the Petition with specificity and particularity when they stated they were "working at a job site" for VG Entities.[28] Plaintiffs cite *Terese v. 1500 Lorene, LLC*, to assert that ". . . the owner of a facility has an independent duty to exercise reasonable care for the safety of those on the premises, including employees of independent contractors."[29] Hence, Plaintiffs contend that the duty element of a negligence claim is met against VG Entities.[30]

---

[22] *Id.* at 8.

[23] *Id.*

[24] Rec. Doc. 28 at 1.

[25] *Id.*

[26] *Id.*

[27] *Id.* at 2.

[28] *Id.* (quoting Rec. Doc. 1-1 at 3).

[29] *Id.* at 3 (quoting *Terese v. 1500 Lorene, LLC*, No. 09-4342, 2010 WL 4702369, at *3 (E.D. La. 2010)).

[30] *Id.*

Plaintiffs allege they have plead "several ways in which the VG Entities failed to conform to the appropriate standard of conduct of a property owner."[31] These failures include,

> failing to maintain the premises in a reasonably safe condition . . . failing to warn of the existence of a dangerous condition . . . failing to place warning signs to warn of the existence of a dangerous condition . . . failure to adequately train their personnel on how to properly and routinely inspect the premises . . . and failing to cure a known hazardous condition . . .[32]

Plaintiffs argue these allegations are factually supported in the Petition where they state, "the crane that collapsed…was previously 'red tagged' for service by Zachry Construction Corporation and/or Bigge Crane and collapsed the day it was put back into use."[33] Plaintiffs assert the Court should infer that VG Entities, as the property owners, owed a duty to Plaintiffs to warn of the unreasonably dangerous condition of the crane on its property, inspect the premises and the equipment thereon, and cure a known hazardous condition on its property, yet failed to do so.[34]

### C.        *VG Entities Arguments in Reply*

VG Entities point out that Plaintiffs have conceded that there is no cognizable intentional tort claim.[35] Hence, the intentional tort claim should be "dismissed with prejudice."[36] As to the negligence claims, VG Entities argues that Plaintiffs have not plead specific facts with regards to any alleged negligent act by VG Entities.[37] "In other words, the plaintiffs have not alleged when,

---

[31] *Id.*

[32] *Id.* (quoting Rec. Doc. 1-1 at 4).

[33] *Id.*

[34] *Id.*

[35] Rec. Doc. 33 at 1.

[36] *Id.*

[37] *Id.* at 2.

where, what, why, or how any specific actions of the VG Entities caused the crane collapse."[38] VG Entities claims the Petition only alleges specific negligent acts by other Defendants and these acts should not be imputed onto them.[39] VG Entities asserts that the only alleged fact in the Petition related to them is that they "owned the premises."[40] VG Entities concludes by stating the "generic conclusions in paragraph 7 of the petition" are "unwarranted factual inferences" that the Court should disregard.[41]

## III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted."[42] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[43] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[44] "Factual allegations must be enough to raise a right to relief above the speculative level."[45] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[46]

---

[38] *Id.*

[39] *Id.* at 3–4.

[40] *Id.* at 4.

[41] *Id.*

[42] Fed. R. Civ. P. 12(b)(6).

[43] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[44] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[45] *Twombly*, 550 U.S. at 555.

[46] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[47] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[48] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[49] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[50] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[51] That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[52] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[53] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[54]

---

[47] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[48] *Iqbal*, 556 U.S. at 678–79.

[49] *Id.* at 679.

[50] *Id.* at 678.

[51] *Id.*

[52] *Id.*

[53] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[54] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

# IV. Analysis

### A.    *Intentional Tort Claims*

Here, VG Entities assert that Plaintiffs' allegations are "insufficient to establish an intentional tort."[55] Plaintiffs concede that the damages here were "not the result of an intentional tort by VG Entities."[56] Therefore, the Court dismisses Plaintiffs' intentional tort claims against VG Entities.

### B.    *Negligence Claims*

Under Louisiana law, a plaintiff asserting negligence must prove:

> (1) the defendant had a duty to conform his conduct to a specific standard of care, that is, the duty element, (2) the defendant's conduct failed to conform to the appropriate standard of care, that is, the breach element, (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries, that is, the cause-in-fact element, (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries, that is, the scope-of-duty element, and (5) actual damages, that is, the damages element.[57]

VG Entities argue that Plaintiffs have not alleged facts establishing a duty owed to Plaintiffs or a breach of that duty. Specifically, VG Entities asserts that their ownership of the job site where the injury occurred is not enough to establish a duty to Plaintiffs. Generally, property owners are not liable for the negligence of an independent contractor working on the property.[58] However, "the owner of a facility has an independent duty to exercise reasonable care for the safety of those on the premises, *including* employees of independent contractors."[59] VG Entities do not

---

[55] Rec. Doc. 17-1 at 5.

[56] Rec. Doc. 28 at 1.

[57] *Shelley v. Hilcorp Energy Co.*, No. 22-1345, 2023 WL 4235563, at *5 (E.D. La. June 28, 2023) (citing *Nagle v. Gusman*, 61 F. Supp. 3d 609, 620 (E.D. La. 2014)).

[58] *See Terese*, 2010 WL 4702369, at *3.

[59] *Id.* (citing *Dupre v. Chevron U.S.A., Inc.*, 20 F.3d 154, 157 (5th Cir. 1994)).

dispute their alleged ownership of the property where Plaintiffs were injured, or that Plaintiffs were independent contractors working on said property. Plaintiffs' specific allegations of VG Entities' failure to maintain or inspect the premises to ensure the property was reasonably safe raises a plausible duty owed to Plaintiffs and a plausible breach of such a duty. Thus, Plaintiffs have satisfied the pleading standard for their negligence claims against VG Entities.

VG Entities argue the pleading standard has not been met because Plaintiffs' claims are conclusory and no reasonable inference of negligence can be drawn from the facts alleged.[60] VG Entities analogize *Shelley v. Hilcorp Energy Co.* to the case at bar.[61] In *Shelley*, the court dismissed the plaintiff's claims because the allegations within were "speculative, conclusory, and unspecific to any individual defendant."[62] However, there are notable differences between the facts here and those in *Shelley*. Here, Plaintiffs' allegations regarding VG Entities' negligence do have some overlap with the allegations made against other defendants. However, there are specific allegations made only against VG Entities such as "negligently failing to maintain the premises in a reasonably safe condition[,]" "negligently failing to place warning signs to warn of the existence of a dangerous condition[,]" and "failure to adequately train their personnel on how to properly and routinely inspect the premises[.]"[63] Further, the allegations here differ from those in *Shelley* because here the injury occurred on premises owned by VG Entities, while in *Shelley* the damage occurred on a navigable waterway.[64] Hence, the allegations here are specific to VG Entities as the owners of the property where the injury occurred. For these reasons, Plaintiffs have stated a claim

---

[60] Rec. Doc. 33 at 2.

[61] *Id.*

[62] *Shelley v. Hilcorp Energy Co.*, No. 22-1345, 2023 WL 4235563, at *5 (E.D. La. June 28, 2023).

[63] Rec. Doc. 1-1 at 4.

[64] Rec. Doc. 28 at 3; *Shelley*, 2023 WL 4235563, at *1.

against VG Entities for negligence under Louisiana law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Venture Global Plaquemines LNG, LLC and Venture Global LNG, Inc.'s Rule 12(b)(6) Moton to Dismiss[65] is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** to the extent it seeks dismissal of Plaintiffs' intentional tort claims. The motion is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that the intentional tort claims raised against the VG Entities are **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this _____ 1st _____ day of October, 2025.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[65] Rec. Doc. 17.