**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **PATRICK WILLIAMS, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-779** |
| **VENTURE GLOBAL PLAQUEMINES, LLC, et al.** | **SECTION: "G"(5)** |

## ORDER AND REASONS

Before the Court is Defendant KZJV, LLC's ("KZJV") Motion to Strike Open Ended Allegations.[1] In this litigation, Plaintiffs Patrick Williams and Tevin Tobias ("Plaintiffs") are suing Defendants Bigge Crane and Rigging Co., Zachry Holdings, Inc., Venture Global Plaquemines LNG, LLC, Venture Global LNG, Inc., and KZJV, LLC for damages related to a crane collapse that occurred on April 16, 2024.[2] In the instant motion, KZJV argues that the Court should strike open-ended allegations made in Paragraph 9 of the Second Amended Complaint.[3] Plaintiffs oppose the motion.[4] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

Plaintiffs allege that on or about April 16, 2024 they were both employed by Brown Root Industrial Services, LLC, and at that time they were working on a job site owned by Venture Global Plaquemines LNG, LLC and/or Venture Global LNG, Inc.[5] Plaintiffs allege that Bigge Crane and

---

[1] Rec. Doc. 41.

[2] Rec. Doc. 1-1; Rec. Doc. 31. Plaintiffs also named Zachry Construction Corp. as a defendant, but they subsequently dismissed those claims.

[3] Rec. Doc. 41.

[4] Rec. Doc. 45.

[5] Rec. Doc. 1-1 at 3.

Rigging Co. provided the cranes for said job site.[6] At the said time and place, Mr. Tobias was operating a crane and Mr. Williams was rigging the crane when an "adjacent crane broke apart and collapsed."[7] Plaintiffs assert that they both had to quickly move out of the way to avoid being struck.[8] Plaintiffs allege that they both suffered "serious and permanent disabling injuries" as a result of this incident.[9]

Plaintiffs allege that KZJV entered into a contract with Venture Global Plaquemine LNG, LLC to build Venture Global LNG's Plaquemines LNG export facility in Louisiana.[10] Plaintiffs allege that KZJV is responsible for the engineering, procurement, construction and commissioning of the facility.[11] Plaintiffs allege that KZJV is at fault for:

A) [C]reating this dangerous and hazardous condition;
B) Failure to warn of the hazardous condition;
C) Failure to inspect the equipment in a reasonable manner;
D) Failure to repair known defects;
E) Failure to adequately train its employees;
F) Failure to act as a reasonably prudent person would under the same or similar circumstances;
G) Failure, generally to meet the standard of care required in the given situation; and
H) In committing any and all other acts of fault which may be proven at the trial of this case.[12]

On March 5, 2025, Plaintiffs filed a Petition for Damages against Defendants Venture Global Plaquemines LNG, LLC, Venture Global LNG, Inc., Bigge Crane and Rigging Co., and

---

[6] *Id.* at 4.

[7] *Id.*

[8] *Id.*

[9] *Id.* at 6.

[10] Rec. Doc. 31 at 1.

[11] *Id.*

[12] *Id.* at 2.

Zachry Construction Corporation in the 25th Judicial District Court for the Parish of Plaquemines.[13] On April 14, 2025, Plaintiff filed a First Amending and Supplemental Petition.[14] Defendants removed the case to this Court on April 21, 2025.[15] On July 18, 2025, Plaintiff filed a Second Amending and Supplemental Petition, which added KZJV as a defendant.[16]

On September 25, 2025, KZJV filed the instant Motion to Strike.[17] Plaintiffs filed an opposition to the motion on October 7, 2025.[18] KZJV filed a reply brief in further support of the motion on October 13, 2025.[19]

## II. Parties' Arguments

### A.    KZJV's Arguments in Support of the Motion

KZJV moves the Court to strike Paragraph 9(a)(H) from the Second Amended Complaint.[20] Paragraph 9(a)(H) alleges that KZJV is at fault for the accident "[i]n committing any and all other acts of fault which may be proven at the trial of this case."[21] KZJV asserts that this allegation violates Rule 8 because Plaintiffs impermissibly use open-ended allegations to act as a catchall for

---

[13] Rec. Doc. 1-1.

[14] *Id.*

[15] Rec. Doc. 1.

[16] Rec. Doc. 31.

[17] Rec. Doc. 41.

[18] Rec. Doc. 45.

[19] Rec. Doc. 46.

[20] Rec. Doc. 41.

[21] Rec. Doc. 31 at 2.

unspecified and unknown theories and claims.[22] KZJV argues that such open-ended allegations are impermissible and should be stricken.[23]

## B.    *Plaintiffs' Arguments in Opposition to the Motion*

In response, Plaintiffs contend that a motion to strike cannot be used as a substitute for a motion to dismiss.[24] Plaintiffs contend that Rule 12(f) is not the appropriate vehicle to seek dismissal of all or part of the complaint.[25] Plaintiffs argue that KZJV is improperly using a motion to strike in place of a motion to dismiss.[26]

## C.    *KZJV's Arguments in Further Support of the Motion*

In reply, KZJV points out that Plaintiffs did not deny the use of impermissible catchall allegations.[27] KZJV asserts that courts apply Rule 12(f) to pleadings that are allegedly improper under Rule 8.[28]

### III. Law & Analysis

Federal Rule of Civil Procedure 8(a) provides that a Complaint must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an

---

[22] Rec. Doc. 41-1 at 2.

[23] *Id.*

[24] Rec. Doc. 45 at 2.

[25] *Id.*

[26] *Id.*

[27] Rec. Doc. 46 at 1.

[28] *Id.*

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[29] Still, "the action of striking a pleading should be sparingly used by the courts. . . . It is a drastic remedy to be resorted to only when required for the purposes of justice [and] should be granted only when the pleading to be stricken has no possible relation to the controversy."[30] Material should be stricken from a pleading if it "may prejudice the opposing party."[31]

Here, the phrase "any and all other acts of fault which may be proven at the trial of this case," has relation to the controversy, as the alleged fault of KZJV will be at issue at trial. Additionally, the statement does not prejudice KZJV to the extent that it must be stricken from the pleading. Even more, the statement at issue is not redundant, immaterial, impertinent, or scandalous. Therefore, there is no need to strike the language from the Complaint.[32] Accordingly,

**IT IS HEREBY ORDERED** that KZJV's Motion to Strike Open Ended Allegations[33] is **DENIED.**

**NEW ORLEANS, LOUISIANA,** this __12th__ day of March, 2026.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[29] Fed. R. Civ. P. 12(f).

[30] *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).

[31] *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1257 (D. Kan. 2011).

[32] In another case, the Court granted an *unopposed* motion to strike similar language. *Castro v. Keifer*, No. 25-1137 (E.D. La. July 31, 2015) (Rec. Doc. 23) (Brown, J.). *Castro* is distinguishable from this case because there the plaintiff agreed to strike the open-ended allegation.

[33] Rec. Doc. 41.